FILED
 2006 Oct-23  PM 04:13
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ALBERT W. MAY, III, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] CV-06-CO-01890-W |
| | ] |
| BOYD BROS. TRANSPORTATION, | ] |
| INC., *et al.*, | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

Plaintiff Albert W. May, III, filed his original complaint on August 15, 2006, in the Circuit Court of Tuscaloosa County, Alabama, asserting claims pursuant to the Interstate Commerce Commission Termination Act of 1995, specifically 49 U.S.C. § 14704 to enforce a regulation or order of the Secretary of Transportation. (Doc.1, Pl.'s Compl., ¶ 5.)  Defendant Boyd Bros. Transportation, Inc. ("Boyd Bros.") filed its notice of removal on September 21, 2006, and subsequently filed the instant Motion to Dismiss (Doc. 3) on September 28, 2006.  In addition to responding to Defendant's

motion, Plaintiff filed an Amended Complaint which adds state law claims for negligence and wantonness. (Doc. 6.) The issues raised in Defendants' motion have been fully briefed by the parties and are now ripe for decision.

II.     Facts.[1]

On August 16, 2004, an employee of Boyd Bros., while driving on I-359 and I-59 in Tuscaloosa County, Alabama, operated a motor vehicle as a common carrier of goods in violation of several sections of the Code of Federal Regulations. (Doc. 1, Pl.'s Compl., ¶ 6.) Defendant Boyd Bros. was and is a common carrier of goods for hire, engaged in the transportation of property by motor vehicle in conjunction with other common carriers, railroads, and transportation companies, and was and still is subject to the provisions of the Motor Carrier Act, 49 U.S.C. § 10101, *et seq*. *Id*. at ¶ 4. Plaintiff alleges that as a direct result of Defendant's acts and omission in violating the C.F.R. sections, Plaintiff's vehicle was caused to collide with the vehicle owned by Defendant, and the collision was the proximate cause of injuries to Plaintiff. *Id*. at ¶ 7. In particular, Defendant's alleged

---

[1]The facts recited in this opinion are, unless otherwise indicated, taken from the allegations of the plaintiff's complaint.

conduct caused Plaintiff to incur past and future medical expenses, past and future lost wages, pain and suffering, mental anguish, emotional distress, permanent disability, property damage to his vehicle, and general sickness. *Id.* at ¶ 8.

III.  Standard of Review.

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a reasonable doubt that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must ". . . accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa,* 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal

theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.,* 116 F.3d 1364 (11th Cir. 1997)).

IV.   Discussion.

    A.   Plaintiff's Claims Under the Motor Carrier Act.

Plaintiff claims that he has a private right of action under 49 U.S.C. § 14704 to enforce a regulation or order of the Secretary of Transportation. (Doc. 1, Pl.'s Compl. ¶ 5.) Defendant Boyd Bros. contends that Plaintiff's complaint fails to state a sustainable cause of action under § 14704 because he seeks damages for personal injury and property damage. (Doc. 3, p. 3.) Section 14704 states, in part:

> (a) In general.
>
> (1) Enforcement of order.  A person injured because a carrier . . . does not obey an order of the Secretary or the Board, as applicable . . ., except an order for the payment of money, may bring a civil action to enforce that order under this subsection.  A person may bring a civil action for injunctive relief for violations of sections 14102 and 14103.
>
> (2) Damages for violations.  A carrier or broker providing transportation or service . . . is liable for damages sus-

> tained by a person as a result of an act or omission of that carrier or broker in violation of this part . . . .

49 U.S.C. § 14704.  Section 14704(a)(1), as argued by Defendant, provides Plaintiffs the opportunity to bring civil suits to: (1) enforce an order of the Secretary or Board or (2) seek injunctive relief for violations of sections 14102 and 14103.  However, in the current action Plaintiff seeks damages for personal injury and property damage and does not appear to be seeking to enforce an order of the Secretary or Board or for injunctive relief for violations of sections 14102 and 14103.  In his response to Defendant's motion, Plaintiff did not identify an order of the Secretary which Defendant is alleged to have violated.  (Doc. 5.)

Furthermore, § 14704(a)(2) "does not create a private cause of action" for cases seeking damages for personal injury or property damage.  *See Stewart v. Mitchell Transport*, 241 F. Supp. 2d 1216, 1221 (D. Kan. 2002). In *Stewart*, the Court noted the ambiguous language of the statute and, following the lead of the Eighth Circuit, examined its legislative history to conclude "that Congress did intend to create certain private rights of action

in § 14704(a)(2), but not a right for personal injury." *Id*. at 1220. Based on the language of the legislative history, the Court opined:

> Congress was primarily concerned with transferring the resolution of *commercial* disputes from the [Interstate Commerce Commission] to the courts. It does not appear from the court's research that the ICC had jurisdiction over personal injury suits before its termination. The legislative history gives no indication that Congress intended to expand the scope of the Motor Carrier Act to cover personal injury claims where there was no such coverage before.

*Id*. at 1221 (emphasis added). *See also Crosby v. Landstar*, 2005 U.S. Dist. LEXIS 12008, at *6 (D. Del. June 21, 2005); *Schramm v. Foster*, 341 F. Supp. 2d 536, 547 (D. Md. 2004) (finding that no private right of action exists for personal injuries under § 14704(a)(2)) (citing *Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.*, 192 F.3d 778 (8th Cir. 1999)). This Court agrees with the courts that have held that § 14704(a)(2) was intended to provide a private right of action only for commercial disputes and that no private right of action lies under the section for personal injury and property damage.

Plaintiff responded to Defendant's motion by conceding that *Stewart* establishes that § 14704 does not provide a private right of action for

personal injury actions, but he argues that the section does not address damages relating to the loss of use of a vehicle and loss of wages/income, which have been claimed in each of the three counts of Plaintiff's amended complaint. (Doc. 6.) However, because the Court is of the opinion that Congress only intended § 14704(a)(2) to open the door to private suits resulting from commercial disputes, no private cause action may be brought for damages relating to the loss of use of vehicles and the loss of wages and income as they do not arise out of such a dispute. *See Crosby*, 2005 U.S. Dist. LEXIS 12008, at *6 ("Plaintiff's claims for personal injury and property damage are more like negligence claims. Section 14704 does not give this court jurisdiction over negligence claims which are traditionally within the purview of state jurisdiction.").

For these reasons, Plaintiff's claims grounded in § 14704 are due to be dismissed for failure to state a claim upon which relief can be granted.

B.   Plaintiff's State Law Claims for Negligence and Wantonness.

Plaintiff's remaining claims are state law claims for negligence and wantonness. (Doc. 6.) The Court's jurisdiction over this action was based upon the federal question raised by Plaintiff's claims under § 14704. 28

U.S.C. § 1331.  Therefore, the Court's jurisdiction over Plaintiff's state law claims is supplemental and based upon 28 U.S.C. § 1367.  Because the Court finds that Plaintiff's claims arising under § 14704 are due to be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c).

V.      Conclusion.

For the reasons stated above, Plaintiff's Complaint and Amended Complaint are due to be DISMISSED without prejudice.

Done this 23rd day of October 2006.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
143449